UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES D. SHUMWAY,                           CASE NO.:

        Plaintiff,

vs.

GREGORY A. HOLIFIELD,
Individually; PRIMAL
INNOVATION, LLC, a Florida
Limited Liability Company;  G & G
MANCO, LLC, a Florida Limited
Liability Company; and ENTIA,
LLC d/b/a ENTIA VENTURES, a
Foreign Limited Liability Company,

        Defendant.            /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff JAMES D. SHUMWAY ("Plaintiff"), and moves for judgment against Defendants GREGORY A. HOLIFIELD, Individually ("HOLIFIELD"); Primal Innovation, LLC ("PRIMAL");  G & G Manco, LLC ("G&G"); and ENTIA, LLC, doing business as, ENTIA VENTURES ("ENTIA") (collectively "Defendants"), and states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as Plaintiff's claims for unpaid wages are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover unpaid minimum wages, an additional

1

equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because Plaintiff's claim for breach of contract due to Defendants' failure to pay earned wages form part of the same case or controversy and arise out of a common nucleus of operative facts as his FLSA claims.

4. Jurisdiction over Plaintiff's claims for failure to pay wages owed under a contract under Florida state law is also proper pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees, and Plaintiff and Defendants are not residents of the same state.  Specifically, Plaintiff is a resident of the Commonwealth of Virginia, and Defendants are residents of the State of Florida.

5. Venue in this Court is proper, as Defendants reside and regularly conduct business in this judicial district.

## **PARTIES**

6. At all times material to this action, Plaintiff was a resident of the Commonwealth of Virginia.

7. At all times material to this action, PRIMAL was, and continues to be, a Florida Limited Liability Company engaged in business in Florida, with a

principal place of business in Seminole County, Florida.

8. At all times material to this action, G & G was, and continues to be, a Florida Limited Liability Company engaged in business in Florida, with a principal place of business in Seminole County, Florida

9. At all times material to this action, ENTIA was, and continues to be, a Foreign Limited Liability Company engaged in business in Florida, with a principal place of business in Seminole County, Florida.

10. Based on information and belief, at all times material hereto, Defendant HOLIFIELD was individual resident of Lake County, Florida.

11. At all times material hereto, Defendant HOLIFIELD was, and continues to be, founder/manager of PRIMAL and G&G, and was owner/director/principal of ENTIA.

12. Defendant, HOLIFIELD managed the day-to-day operations of PRIMAL, G&G, and ENTIA (the "Defendant Companies"), and regularly exercised the authority to: (a) hire and fire employees of the Defendant Companies, including authorizing the hire and fire of Plaintiff; (b) determine the work schedules for the employees of the Defendant Companies, including Plaintiff; and (c) control the finances and operations of the Defendant Companies.

13. Defendant, HOLIFIELD is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of the Defendant Companies towards Plaintiff.

14. As evidenced by attached filings with the Florida Department of

Corporations, the Defendant Companies share an address.

15. The Defendant Companies share common ownership.

16. The Defendant Companies share common management and control.

17. The Defendant Companies share a common business purpose, in that they seek to provide government contracting services to the military and other government agencies.

18. Upon information and belief, the Defendant Companies share employees.

19. Upon information and belief, the Defendant Companies act in the interest of one another, including by using common funds to pay financial obligations, including but not limited to employee wages.

20. Defendant Companies exert common control over their employees.

21. Based on the foregoing, Defendant Companies are an integrated enterprise under the FLSA.

22. Based to the foregoing, Defendant Companies are a joint employer under the FLSA.

23. At all times material to this action, Defendant, PRIMAL was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of Defendant PRIMAL was in excess of $500,000.00 per annum during 2018 and

2019.

25. At all times material to this action, Defendant, PRIMAL had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as chairs phones, desks, memory cards, and hard drives, as well as computers used in the course of Defendant, PRIMAL's business.

26. At all times material to this action, Defendant G&G was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

27. Based upon information and belief, the annual gross revenue of Defendant G&G was in excess of $500,000.00 per annum during 2018, 2019, and 2020.

28. At all times material to this action, Defendant, G&G had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as chairs, phones, desks, memory cards, and hard drives, as well as computers used in the course of Defendant, G&G's business.

29. At all times material to this action, Defendant, ENTIA was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

30. Based upon information and belief, the annual gross revenue of Defendant ENTIA was in excess of $500,000.00 per annum during 2018, 2019 and 2020.

31. At all times material to this action, Defendant, ENTIA had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as chairs  phones, desks, memory cards, and hard drives, as well as computers used in the course of Defendant, ENTIA's business.

32. At all times material to this action, the Defendant Companies were, and continue to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

33. Based upon information and belief, the annual gross revenue of Defendant Companies was in excess of $500,000.00 per annum during 2018, 2019, and 2020.

34. At all times material to this action, the Defendant Companies had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as chairs  phones, desks, memory cards, and hard drives, as well as computers used in the course of Defendant Companies' business.

35. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

36. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

37. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

38. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

39. Plaintiff began working for Defendants in December 2011. Plaintiff was initially paid a salary.

40. Defendants promised to pay Plaintiff wages and informed Plaintiff initially that he would be paid through Defendant, PRIMAL.

41. In the fall of 2018, Defendants failed to pay wages promptly and in full.

42. Despite repeated demand to Defendants for these past due wage payments, the payments were not made. Instead, Defendant HOLIFIELD falsely represented that payments for past due wages would be forthcoming in an effort to induce Plaintiff to continue his employment.

43. At times, in response to demands for payment for past due wages, Defendant, HOLIFIELD would complain to Plaintiff that his business ventures within the ENTIA family (which included PRIMAL and G&G) lacked present resources to pay Plaintiff his wages but that money was coming into ENTIA and Plaintiff would be made whole.

44. On January 19, 2020, Defendant HOLIFIELD informed Plaintiff that the entity which would be responsible for paying Plaintiff going forward would be Defendant, G&G.

45. On January 28, 2020, Defendants' representative, Human Resources Analyst Megan Monahan of ENTIA ("Ms. Monahan"), emailed Plaintiff "transferring" his employment to Defendant G&G.

46. Nevertheless, the payment problems persisted, and the wages remained unpaid.

47. Due to Defendants' continual refusal to pay Plaintiff the wages he was owed, Plaintiff resigned from his position with Defendants in February 2020.

48. On March 3, 2020, Defendants again wrote to Plaintiff through Ms. Monahan, and admitted that Defendants owed Plaintiff $174,528.83 in gross wages (less $15,509.32 advanced) and $988.24 in expense reimbursement and promised to pay the debt. *See* Exhibit A.

49. On August 11, 2020, Defendant, G&G wired Plaintiff $3,885.53 to be paid toward the outstanding obligations identified *supra*.

50. Despite demand for payment, the past due wages have not been paid. A balance of $156,122.22 remains due and owing.

51. In many workweeks of his employment, including most of the workweeks from October 2018 forward, Plaintiff was not paid at all.

52. In all of the workweeks in which he was not paid at all in the weeks which are at issue in this action – from the fall of 2018 through the end of his

employment – Plaintiff performed work for Defendants. Plaintiff's reasonable recollection is that, in the weeks at issue in which he was not paid prior to January 19, 2020, he worked approximately 40 hours per week.

53. Between January 19, 2020, and February 28, 2020, he did not work a full-time schedule, but Plaintiff nonetheless performed work for Defendants during these weeks as well.

54. Plaintiff is entitled to be paid the applicable statutory minimum wage for each regular hour in all of the workweeks between July 1, 2019 and February 28, 2020.

55. Further, because Defendant's violation of the FLSA was willful, as more fully stated below, Plaintiff is entitled to be paid the minimum lawful wage for each hour in all of the workweeks between July 1, 2018, and July 1, 2019.

56. Defendants have violated Title 29 U.S.C. §206 from at least 2018 to January 2020, in that:

    a. Plaintiff worked hours for Defendants in workweeks for which he was not compensated at all;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the applicable statutory minimum wage; and

    c. Defendants failed to maintain accurate time records, in violation of the FLSA's record-keeping violations.

57. Defendants' failure and/or refusal to properly compensate Plaintiff at

the rates and amounts required by the FLSA was willful, as Defendants knew or reasonably should have known that their abject failure to compensate Plaintiff *at all* was in derogation of its duty to pay its employee at least the lawful minimum wage.

58. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF MINIMUM WAGES

59. Plaintiff re-alleges paragraphs 1 through 58 above, as if fully set forth herein.

60. In one or more workweeks in the three years preceding the filing of this Complaint, Plaintiff was not compensated at all, despite working compensable hours for Defendants each week.

61. Plaintiff was, and is, entitled to be paid the applicable statutory minimum wage for all regular hours worked.

62. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

63. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at all, despite knowing that he had performed compensable work in each workweek.

64. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for hours worked, plus liquidated damages.

65. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## BREACH OF CONTRACT

66. Plaintiff re-alleges paragraphs 1 through 50 above, as if fully set forth herein.

67. Plaintiff and Defendant Companies entered into an Agreement.

68. Plaintiff performed work for Defendant Companies pursuant to the Agreement's terms.

69. Defendant Companies failed to pay Plaintiff his guaranteed compensation.

70. Pursuant to the terms of the Parties' agreements and the law, Defendant Companies were to pay Plaintiff $156,122.22 as past due wages.

71. Plaintiff has been damaged by Defendant Companies' breaches of their contractual obligations to him.

72. Because the amounts Plaintiff seeks to recover for Defendant Companies' breach of contract are wages, Plaintiff is entitled to attorneys' fees and costs, pursuant to Fla. Stat. §448.08.

Wherefore, Plaintiff prays for the following relief:

      a. An award of the amount owed under the Agreement of $156,122.22;

      b. Consequential damages flowing from Defendants' breach of its contractual obligations to Plaintiff;

      c. An award of pre- and post-judgment interest;

      d. An award of attorneys' fees and costs pursuant to Fla. Stat. §448.08;

      e. Any and all other relief available in law or equity; and

      f. Any and all other relief that the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of July, 2021,

**MORGAN & MORGAN, P.A.**

_____
Angeli Murthy, Esq. B.C.S.
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile:  (954) 327-3016
E-mail: amurthy@forthepeople.com

*Trial Counsel for Plaintiff*